IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROE DJ 40,<br><br>    Plaintiff,<br><br>  v.<br><br>DOE 1, et al.,<br><br>    Defendants. | Case No. 24-cv-09218-MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; VACATING HEARING** |

Before the Court is plaintiff John Roe DJ 40's Motion to Remand, filed January 21, 2024. Defendant Doe 1 has filed opposition, to which plaintiff has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions,[1] VACATES the hearing scheduled for March 14, 2025, and rules as follows.

In his Complaint, filed in state court on August 26, 2024, plaintiff, who states he is a "resident" of California and "over the age of 40," alleges he was the "victim of unlawful sexual assault, molestation, abuse, and other extreme misconduct" by an individual identified as "Perpetrator Smith." (See Compl. ¶ 3.) According to plaintiff, Smith was an "employee, agent, servant, and/or volunteer of [d]efendants" Doe 1, Doe 2, and Doe 3 (see Compl. ¶ 15), each of which is alleged to be a "religious entity" (see Compl. ¶¶ 5-7) that is "responsible, in some manner, for the events and happenings [alleged by plaintiff],

---

[1] Subsequent to the completion of briefing, and pursuant to Civil Local Rule 7-3(d)(2), plaintiff filed a Statement of Recent Decision and defendant filed four such Statements. The Court has considered each of those documents and the authorities attached thereto.

1   thereby legally causing the injuries and damages to [p]laintiff [described in the

2   Complaint]" (see Compl. ¶ 17).  Based thereon, plaintiff asserts against Doe 1, Doe 2,

3   and Doe 3 six Causes of Action arising under California law.

4         The Complaint includes the specific street addresses at which plaintiff states Doe

5   1, Doe 2, and Doe 3 maintain their respective principal places of business (see Compl.

6   ¶¶ 3-5), and it readily can be presumed he is aware of the actual identity of each such

7   defendant.  Under California law, however, a plaintiff who, as here, asserts claims based

8   on "childhood sexual assault" and is "40 years of age or older at the time the action is

9   filed," see Cal. Code Civ. Proc. §§ 340.1(a), (e), is required to name each defendant

10  using a "'Doe' designation," see Cal. Code Civ. Proc. § 340.1(k), until such time as the

11  plaintiff makes an "in camera" showing of "corroborative fact as to the charging

12  allegations against that defendant," after which "the complaint may be amended to

13  substitute the name of the defendant or defendants, see Cal. Code Civ. Proc.

14  §§ 340.1(k), (m).

15        On November 4, 2024, defendant Doe 1, which acknowledges it has not yet been

16  served with "any process" (see Def.'s Notice of Removal ¶ 24), removed the above-titled

17  action to district court, on the ground of diversity jurisdiction.  A district court has diversity

18  jurisdiction if "the matter in controversy exceeds the sum and value of $75,000, exclusive

19  of interest and costs," see 28 U.S.C. § 1332(a), and each defendant's citizenship is

20  diverse from that of the plaintiff, see id.  Here, defendant argues, the amount in

21  controversy exceeds $75,000, plaintiff is a citizen of California, Does 1 and 2 are citizens

22  of Utah, and Doe 3, which has a California address, has been fraudulently joined.

23        Where removal is based on diversity jurisdiction, 28 U.S.C. § 1441 provides that

24  "the citizenship of defendants sued under fictitious names shall be disregarded."  See 28

25  U.S.C. § 1441(b)(1).  The Court, having in mind the principle that "[r]emoval statutes are

26  strictly construed, and any doubt about the right of removal requires resolution in favor of

27  remand," see Casola v. Dexcom, Inc., 98 F.4th 947, 954 (9th Cir. 2024) (internal

28  quotation and citation omitted), and having reviewed a number of cases that have

1  considered § 1441(b)(1) as applied to removed actions in which the above-referenced
2  subsections of § 340.1 were applicable, finds persuasive, and adopts the reasoning of,
3  those courts that have concluded remand for lack of subject matter jurisdiction is
4  required.  See, e.g., Roe MG 60 v. Doe 1, 2025 WL 472291, at *2 (N.D. Cal. February 11,
5  2025) (holding Congress, in enacting § 1441(b)(1), "dictated a bright-line rule" for courts
6  to follow); Roe JB 84 v. Doe 1, 2025 WL 360356, at *1 (N.D. Cal. January 31, 2025)
7  (finding "strict application" of § 1441(b)(1) "requires" courts to "disregard the citizenship of
8  all Doe defendants"); Geppert v. Doe 1, 2023 WL 5804156, at *3 (N.D. Cal. September 7,
9  2023) (holding where "plaintiff is a citizen of one state, and every single defendant (for
10 purposes of assessing removal based on diversity jurisdiction) is effectively a citizen of
11 no state," court "lacks diversity jurisdiction"); Roe KL 66 v. Doe 1, 2024 WL 5264039, at
12 *1 (N.D. Cal. December 31, 2024) (holding § 1441(b)(1) "*obligates*" courts to disregard
13 citizenship of Doe defendant "regardless of whether Doe [defendant] is actually fictitious
14 or whether state law mandates use of the Doe designation" (emphasis in original)); Roe
15 DC 57 v. Doe 1, 2025 WL 484809, *3 (C.D. Cal. February 13, 2025) (holding § 1441(b)(1)
16 requires remand "until such time as there is at least one named defendant upon which
17 [d]efendants could properly invoke federal diversity jurisdiction").
18     Although defendant disagrees, on the ground the actual identities of Doe 1 and
19 Doe 2 are known, and, consequently, that they are not "fictitious defendant[s]" (see
20 Notice of Removal ¶¶ 8, 9), § 1441(b)(1) does not require a court to disregard the
21 citizenship of "fictitious defendants," but, rather, to disregard the citizenship of
22 "defendants sued under fictitious names," which is precisely how all defendants are
23 designated in the Complaint.
24 //
25 //
26 //
27 //
28 //

Accordingly, as defendant has not, at least at this time, established diversity jurisdiction, the motion to remand is hereby GRANTED, and the above-titled action is hereby REMANDED to the Superior Court of the State of California, in and for the County of Del Norte.[2]

**IT IS SO ORDERED.**

Dated: March 3, 2025

MAXINE M. CHESNEY
United States District Judge

---

[2] In light thereof, the Court takes no action on the parties' Stipulation, filed February 21, 2025, "to Enter Dismissal of Plaintiff's Sixth Cause of Action and to Strike Attorneys' Fees With Prejudice," as well as the parties' proposed Stipulated Protective Order, filed February 28, 2025.